# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
JAMES BOLAND, <u>et al.</u>,            )
)
          Plaintiffs,       )
)
        v.              )        Civil Action No. 16-403(RBW)
)
JOHN E. HETRICK d/b/a      )
HETRICK MASONRY,       )
)
          Defendant.      )
_____ )

## MEMORANDUM OPINION

The plaintiffs, the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund (the "Pension Fund") and the International Masonry Institute (the "Masonry Institute"),[1] see Complaint ("Compl.") ¶ 1, seek to recover unpaid contributions and associated damages under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1109(a), 1132(a), (g), 1145 (2012) ("ERISA"), from the defendant, John E. Hetrick d/b/a Hetrick Masonry ("Hetrick Masonry"), see Compl. ¶¶ 1, 6. Currently before the Court is the plaintiffs' Motion for Entry of Judgment by Default and to Close Case ("Pls.' Mot."). See Pls.'

---

[1] "Plaintiffs[] James Boland, Henry Kramer, Gerard Scarano, Timothy Driscoll, Gerald O'Malley, Robert Hoover, Matthew Aquiline, Gregory R. Hess, William McConnell, John Trendell, and Anthony Marra are Trustees of, and sue on behalf of, the [Pension Fund]." Compl. ¶ 3. "Plaintiffs[] Jim Allen, [ ] Aquiline, [ ] Boland, Don Brown, Ted Champ, [ ] Driscoll, [ ] Hess, [ ] Hoover, Fred Kinateder[,] Chuck Kukawka, [ ] Kramer, Ken Kudela, Dan Kwiatkowski, [ ] McConnell, Tim Miller, Jim O'Connor, Dennis Pagliotti, Charles Raso, Kevin Ryan, [ ] Scarano, Michael Schmerbeck[,] Jeremiah Sullivan, Jr., Richard Tolson, and [ ] Trendell are Trustees of, and sue on behalf of, the [Masonry Institute]." Id. ¶ 4. "The [Pension Fund] also is authorized to file suit on behalf of the following affiliated Local Funds: Ohio Bricklayers Health & Welfare Fund, Apprentice Fund, Industry Fund, PMCTEDF (Drug & Safety), BAC PAC, West Virginia Building & Construction Trades Council, and BAC Organizing Fund, referred to hereinafter collectively as 'Local Funds.'" Id. ¶ 5.

Mot. at 1. Upon careful consideration of the plaintiffs' submissions,[2] the Court concludes that it must grant the plaintiffs' motion.

## I.    BACKGROUND

The Pension Fund and the Masonry Institute are multiemployer, employee benefit plans within the meaning of ERISA. See Compl. ¶¶ 3–4 (citing 29 U.S.C. §§ 1002(3), (37)). Both plans are established and maintained pursuant to collective bargaining agreements between affiliates of the International Union of Bricklayers and Allied Craftworkers (the "Union") and Hetrick Masonry to provide health and pension benefits for their Union members employed by Hetrick Masonry. See id. ¶¶ 7–8; see also Pls.' App., Declaration of David F. Stupar in Support of Plaintiffs' Motion for Default Judgment ("Stupar Decl.") ¶ 7; Compl., Exhibit ("Ex.") A (Agreement between Hetrick Masonry and Bricklayers Union #15 (Mar. 12, 1987) ("Agreement 1")); id., Ex. B (Agreement between Construction Employers Association of North Central West Virginia, Inc. and the B.A.C. District Council of WV Bricklayers/Cement Masons Local Union No. 15 of Fairmont, West Virginia (Dec. 1, 2009 through May 31, 2013) ("Agreement 2")); id., Ex. C (Agreement between Construction Employers Association of North Central West Virginia, Inc. and the B.A.C. District Council of WV Bricklayers/Cement Masons Local Union No. 15 of Fairmont, West Virginia (June 1, 2013 through May 31, 2017) ("Agreement 3")).

"Pursuant to the Agreements, [Hetrick Masonry] agreed to make certain payments to the [Pension Fund], [the Masonry Institute], and [the] Local Funds for each hour of covered work it performed." Compl. ¶ 9; see also Pls.' App., Stupar Decl. ¶¶ 3, 7; Compl., Ex. B (Agreement 2), art. XV, at 22–23 (providing amount to be contributed); id., Ex. C (Agreement 3), art. XV, at 22–

[2] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the plaintiffs' Memorandum in Support of Motion for Entry of Judgment by Default ("Pls.' Mem."); (2) the plaintiffs' Summary of Damages for Default Judgment ("Pls.' Damages"); and (3) the plaintiffs' Appendix in Support of Motion for Entry of Judgment by Default and to Close Case ("Pls.' App.").

23 (same). To fulfill its obligations under the Agreements, Hetrick Masonry is also required to submit monthly reports calculating the amount due to the Union. See Pls.' App., Stupar Decl. ¶ 7; see also id., Stupar Decl., Ex. 1 (General Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers ("Collection Procedures Agreement")) ¶ 1. Furthermore, under the terms of the Agreements, "[the p]laintiffs are entitled to conduct audits of the books and records of [Hetrick Masonry] to determine whether contributions have been made in compliance with [Hetrick Masonry's] obligations." Compl. ¶ 11; Pls.' App., Stupar Decl. ¶ 9.

An audit conducted by an independent firm ("Audit 1") "revealed that Hetrick [Masonry] failed to properly submit required reports and contributions for covered work performed" from "January 2012 through March 2015." Compl. ¶ 12; Pls.' App., Stupar Decl. ¶ 10. The plaintiffs allege that pursuant to Audit 1, Hetrick Masonry owes them "$53,861.01 in delinquent contributions," $6,906.81 in interest "assessed on the estimated delinquent contributions," $10,772.25 in liquidated damages, and audit costs of $11,201.31. See Compl. at 5–6; Pls.' App., Stupar Decl. ¶ 10.

On February 29, 2016, the plaintiffs filed this action and requested the following monetary relief: (1) "delinquent contributions in the amount of $56,806.79 due to the [Pension Fund], [the Masonry Institute], and Local Funds, plus any and all additional amounts that accrue and/or are found to be due and owing through the date of [the] judgment," Compl. at 6; (2) "interest in the amount of $6,906.81," id.; (3) "liquidated damages in the amount of $10,772.25," id.; (4) "late fees determined due to the Local Funds [in the amount of] $12,679.63," id., (5) $400 in filing fees; (6) "the costs of conducting [Audit 1] in the amount of $11,201.31," id.; and (7) attorney's fees and costs in the amount of $5,000.00, plus "such additional amounts as may be incurred," id. at 7. In addition, the plaintiffs requested mandatory injunctive relief in the form

of an order requiring Hetrick Masonry to: (1) produce "all delinquent fringe benefit reports owed . . . for the time period of May 2015 through the present"; (2) produce "all payroll records and other documents needed by the auditors to calculate delinquent contributions and related amounts due for the period of April 2015 through the present"; and (3) "comply with its obligations to correctly report and contribute to the [Pension Fund], [the Masonry Institute], and Local Funds, in a timely manner, all reports and contributions due and owing, and to pay the costs and disbursements of this action." Id. Hetrick Masonry neither entered an appearance nor otherwise responded to the plaintiffs' Complaint, and thus, the Clerk of the Court entered a default against Hetrick Masonry on April 14, 2016. See Default (Apr. 14, 2016), ECF No. 5.

In May 2016, a second audit of Hetrick Masonry's payroll records was conducted ("Audit 2"), and it "revealed that . . . Hetrick Masonry failed to properly submit required reports and contributions for covered work performed" from "April 2015 through December 2015." Pls.' App., Stupar Decl. ¶ 11; Pls.' Mem. at 4–5. The plaintiffs now petition the Court to enter a default judgment against Hetrick Masonry and award them a monetary award in the amount of $200,669.55, consisting of payments for delinquent contributions, interest on the delinquent contributions, liquidated damages, and attorney's fees and costs. Pls.' Mem. at 1, 5–7; Pls.' Damages at 1; Pls.' App., Stupar Decl. ¶¶ 10–16. In their motion, the plaintiffs assert that Hetrick Masonry has made only two payments totaling $3,200.00 toward its delinquency in September 2016. Pls.' Mem. at 5; Pls.' App., Stupar Decl. ¶ 15. To date, Hetrick Masonry has not entered an appearance or opposed the plaintiffs' motion.[3]

---

[3] Prior to filing their motion for a default judgment, the plaintiffs represented to the Court that their counsel "ha[d] been communicating with [Hetrick Masonry] to resolve this matter on mutually agreeable terms. However, the parties ha[d] not been able to reach an agreement." Plaintiffs' Response to Order to Show Cause ¶ 1 (Nov. 18, 2016), ECF No. 10. Thereafter, the Court ordered the plaintiffs to "file their motion for [a] default [judgment]" "in the event that the parties [failed to] settle this matter." Minute Order (Nov. 22, 2016).

## II. STANDARD OF REVIEW

Rule 55 sets forth a two-step process for a party seeking a default judgment. Fed. R. Civ. P. 55. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Despite a plaintiff's ability to acquire a judgment by default, there are "strong policies favoring the resolution of genuine disputes on their merits." Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980); see Peak v. District of Columbia, 236 F.R.D. 13, 15 (D.D.C. 2006) (acknowledging the inherent unfairness of awarding judgment against a party for mere filing delays). Therefore, a "default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." Jackson, 636 F.2d at 836 (quoting H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970)); see also Teamsters Local 639–Emp'rs Health Tr. v. Boiler & Furnace Cleaners, Inc., 571 F. Supp. 2d 101, 107 (D.D.C. 2008) (Walton, J.) ("[W]hen the adversary process has been halted because of an essentially unresponsive party[,] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.").

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." Boland v. Elite Terrazzo Flooring, Inc., 763 F. Supp. 2d 64, 67 (D.D.C. 2011) (citing Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)); see also Adkins, 180 F. Supp. 2d at 17 ("A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint."). "[T]he Court must 'make an independent determination of the sum to be awarded' pursuant to the judgment 'unless the amount of damages is certain.'" Boland v. Yoccabel

Constr. Co., 293 F.R.D. 13, 17 (D.D.C. 2013) (Walton, J.) (quoting Adkins, 180 F. Supp. 2d at 17). "'[P]laintiff[s] must prove [their] entitlement to the amount of monetary damages requested' using 'detailed affidavits or documentary evidence' on which the court may rely." Boland v. Providence Constr. Corp., 304 F.R.D. 31, 36 (D.D.C. 2014) (quoting Fanning v. Permanent Sol. Indus., 257 F.R.D. 4, 7 (D.D.C. 2009)).

## III.    LEGAL ANALYSIS

### A.    Whether a Default Judgment Is Warranted

The plaintiffs contend that they are entitled to a default judgment because "[t]o date, and notwithstanding the fact that [Hetrick Masonry] is fully aware of this action and its default, [it] still has not entered an appearance or filed a pleading to contest the [p]laintiffs' allegations in this case." Pls.' Mem. at 1. Whether the entry of a default judgment is appropriate is committed to the sound discretion of this Court. Jackson, 636 F.2d at 835. "To warrant a default judgment, the defendant must be considered a totally unresponsive party, and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, and the motion for a default judgment." Serv. Emps. Int'l Union Nat'l Pension Fund v. Liberty House Nursing Home of Jersey City, 232 F. Supp. 3d 69, 76 (D.D.C. 2017) (quoting Teamsters, 571 F. Supp. 2d at 107). Given that Hetrick Masonry has not filed an appearance or otherwise responded to the summons and complaint, the entry of the default, and the plaintiffs' motion for a default judgment, "and especially in light of the plaintiffs' uncontested allegation that [Hetrick Masonry] entered into settlement discussions" with them, see Yoccabel Constr. Co., 293 F.R.D. at 17, the Court finds that Hetrick Masonry is aware of these proceedings, but has been a "totally unresponsive party," Serv. Emps. Int'l Union Nat'l Pension Fund, 232 F. Supp. 3d at 76, and therefore, entry of a default judgment is appropriate in this case.

**B.     Monetary Relief**

When entering a default judgment, "the Court must 'make an independent determination of the sum to be awarded' pursuant to the judgment 'unless the amount of damages is certain.'" Yoccabel Constr. Co., 293 F.R.D. at 17 (quoting Adkins, 180 F. Supp. 2d at 17).  In an action concerning delinquent contributions, ERISA permits the Court to award plaintiffs:

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of—

    (i)     interest on the unpaid contributions, or

    (ii)     liquidated damages provided for under the plan in an amount not in excess of [twenty] percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); see also Pls.' App., Stupar Decl., Ex. 1 (Collection Procedures Agreement) at 2 (providing for such relief).  "The unpaid contributions, interest, and liquidated damages are considered 'sums certain,' because their calculations are mandated by ERISA and party agreements," Yoccabel Constr. Co., 293 F.R.D. at 18 (footnote omitted), and "[i]n determining the amount [the plaintiffs are] entitled to recover, the Court 'may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment,'" id. at 17 (quoting Flynn v. Mastro Masonry Contractors, 237 F. Supp. 2d 66, 69 (D.D.C. 2002)).  Attorney's fees, however, are not considered a "sum certain" because the reasonableness of the fees requested "is a judgment call which only the Court can make."  Liberty House Nursing

Home, 232 F. Supp. 3d at 76 (internal quotation marks omitted); see also Flynn, 237 F. Supp. 2d at 70 (same).

To support their request for damages, the plaintiffs filed a declaration by David F. Stupar, the Executive Director of the Pension Fund and "an authorized representative to effect collections on behalf of the [ ] Masonry Institute." Pls.' App., Stupar Decl. ¶ 1. Courts in this District have credited similar declarations in support of motions for default judgments for monetary damages owed to multiemployer employee benefit plans pursuant to ERISA. See, e.g., Bricklayers & Trowel Trades Int'l Pension Fund v. Kafka Constr., Inc., __ F. Supp. 3d __, __, 2017 WL 3475014, at *3 (D.D.C. Aug. 11, 2017); Boland v. Cacper Constr. Corp., 130 F. Supp. 3d 379, 383 (D.D.C. 2015); Providence Constr. Corp., 304 F.R.D. at 36–37; Elite Terrazzo Flooring, 763 F. Supp. 2d at 69. Stupar's declaration states that Hetrick Masonry owes the plaintiffs: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) the costs of the two audits; and (5) attorney's fees and costs. See Pls.' App., Stupar Decl. ¶¶ 10–16.

As an initial matter, the Court notes that the amount of damages claimed in Stupar's declaration and the plaintiffs' motion is greater than the amount pleaded in the plaintiffs' Complaint because the Complaint was filed before Audit 2 was performed. Compare id., Stupar Decl. ¶¶ 10–16 and Pls.' Mem. at 1, 4–7, with Compl. at 6–7. In Yoccabel Construction Co., this Court noted that, notwithstanding the fact that "Rule 54(c) specifically limits damages to the amount pleaded in the complaint," 293 F.R.D. at 18, "other courts have held that, '[i]n general, a district court has discretion to award ERISA damages that accrue during the pendency of an action,'" id. at 19 (quoting Ames v. STAT Fire Suppression, Inc., 227 F.R.D. 361, 362 (E.D.N.Y. 2005)). Upon review of the complaint in Yoccabel Construction Co., this Court held

that the defendant "was on notice not only of a specific amount of damages sought, but also that the plaintiffs sought contributions, interest, and damages that accrued after the complaint was filed," because "the complaint request[ed] 'other relief as this Court deems appropriate, including judgment for any contributions and interest thereon that may accrue, and/or be found due and owing, subsequent to the filing of this Complaint.'" Id. (citations omitted). The plaintiffs' complaint in this matter contains nearly identical language to the language in the Yoccabel Construction Co. complaint, see Compl. at 6 (requesting the delinquent contributions already found due to the plaintiffs, "plus any and all additional amounts that accrue and/or are found to be due and owing through the date of judgment"), and therefore, the Court concludes that Hetrick Masonry "was made aware that the plaintiffs sought an award in excess of the amount specifically outlined in the [C]omplaint," Yoccabel Construction Co., 293 F.R.D. at 19. Thus, "the Court finds it appropriate to award damages in accordance with the amount outlined in the plaintiffs' motion," id., which includes the unpaid contributions discovered as a result of Audit 2, which was conducted after the Complaint was filed, see Pls.' Mem. at 1, 4. Having determined that the plaintiffs may seek monetary damages for the unpaid contributions discovered after the Complaint was filed, the Court shall consider each of the plaintiffs' monetary award requests in turn.

**1.  Unpaid Contributions**

Stupar's declaration states that Hetrick Masonry owes the plaintiffs $117,910.48 in unpaid contributions. See id., Stupar Decl. ¶ 16. This figure comprises: (1) "$53,861.01 in delinquent contributions as determined by Audit 1," "covering the time period [of] January 2012 through March 2015," id., Stupar Decl. ¶ 10; plus (2) "$64,303.69 in delinquent contributions as determined by Audit 2," "covering the time period [of] April 2015 through December 2015," id.,

Stupar Decl. ¶ 11; plus (3) $2,945.78 owed to the Local Funds for "contributions for covered work performed in the geographic jurisdiction of the Agreements during the month of April 2015," id., Stupar Decl. ¶ 12; less (4) $3,200.00 for the delinquency payment Hetrick Masonry made in September 2016, see Pls.' App., Stupar Decl. ¶ 15; see also Pls.' Damages at 1. Crediting Stupar's statements made in his declaration and the Court's independent confirmation of his calculations, the Court concludes that Hetrick Masonry owes the plaintiffs $117,910.48 in unpaid contributions as of December 2015.

**2.      Interest**

Stupar's declaration states that Hetrick Masonry owes the plaintiffs $18,518.11 in interest.  See Pls.' App., Stupar Decl. ¶¶ 10–12.  This amount is based on an interest rate of fifteen percent per annum, as provided for in the Collection Procedures Agreement, from the due date of the unpaid contributions outlined above.  See Pls.' Mem. at 5; Pls.' App., Stupar Decl. ¶ 5; see also id., Stupar Decl., Ex. 1 (Collection Procedures Agreement) ¶ B(2) (authorizing the plaintiffs to collect interest on delinquent contributions at the rate of fifteen percent per annum); Pls.' Damages at 1.  Because ERISA requires "interest on unpaid contributions [to] be determined by using the rate provided under the plan," 29 U.S.C. § 1132(g)(2), and given the Court's agreement with the plaintiffs that the amount of unpaid contributions totals $117,910.48, see supra Part III.B.1, the Court concludes that the plaintiffs are entitled to $18,518.11 in interest.

**3.      Liquidated Damages**

Stupar's declaration states that Hetrick Masonry owes the plaintiffs $31,596.95 in liquidated damages.  See Pls.' App., Stupar Decl. ¶¶ 10–12.  This figure comprises: (1) $8,241.68 for the $53,861.01 in unpaid contributions revealed by Audit 1, see id., Stupar Decl.

¶ 10; (2) $10,381.06 for the $64,303.69 in unpaid contributions revealed by Audit 2, see id.,

Stupar Decl. ¶ 11; (3) $294.58 for the unpaid contributions to the Local Funds in April 2015, see

id., Stupar Decl. ¶ 12; and (4) "12,679.63 in late fees for contributions paid late for covered work

performed in the geographic jurisdiction of the Agreements during various months from

September 2011 through April 2015," id., Stupar Decl. ¶ 12; see also Pls.' Damages at 1. The

plaintiffs rely on § 1132(g)(2)(C) as support for their entitlement to liquidated damages. See

Pls.' Mem. at 5–6.

Section 1132(g)(2)(C) requires the Court to award "the greater of . . . interest on the

unpaid contributions, or [ ] liquidated damages provided for under the plan in an amount not in

excess of [twenty] percent." 29 U.S.C. § 1132(g)(2)(C). The Collection Procedures Agreement

provides for liquidated damages in the amount of twenty percent of the delinquent contributions.

See Pls.' App., Stupar Decl., Ex. 1 (Collection Procedures Agreement) ¶ B(2). Stupar's

calculations of liquidated damages, however, do not represent twenty percent of the unpaid

contributions amount of $117,910.48, because twenty percent of that amount is $23,582.10.

Accordingly, the Court shall award the plaintiffs $23,582.10 in liquidated damages.[4]

Moreover, Stupar includes in the plaintiffs' claim for liquidated damages $12,679.63 in

"late fees" that Hetrick Masonry owes to the Local Funds. See id., Stupar Decl. ¶ 12; see also

Pls.' Damages at 1 (including the $12,679.63 in late fees in its calculation of liquidated

damages). Stupar does not, however, explain how these late fees were calculated, see Pls.' App.,

Stupar Decl. ¶ 12, nor do the plaintiffs cite to a provision in the parties' agreements providing for

late fees, or any case law to support their assertion that a Court's award may include late fees in

---

[4] Because the amount of liquidated damages, $23,582.10, is greater than the amount of interest, $18,518.11, the Court must award the plaintiffs the liquidated damages amount, rather than the amount of interest, under this subsection. See 29 U.S.C. § 1132(g)(2)(C) (stating that the Court must award the greater of the two amounts).

addition to liquidated damages under § 1132(g)(2)(C), see Pls.' Mem. at 5–6.  Accordingly, the Court concludes that the plaintiffs have not adequately proved their entitlement to the requested late fees.  Cf. Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc., 239 F. Supp. 2d 26, 32–33 (D.D.C. 2002) (declining to award late charges under the "legal and equitable relief" provision of § 1132(g)(2)(D) because the plaintiff "provide[d] no case law and few facts in support of this argument," and the Court "[wa]s not convinced that the legal and equitable relief clause should include late charges" given the separate provision allowing for interest charges).

### 4.    Audit Costs

Stupar's declaration states that Hetrick Masonry owes the plaintiffs $13,773.81 for the costs of the two audits.  See Pls.' App., Stupar Decl. ¶¶ 10–11 (stating that Audit 1 cost $11,201.31 and Audit 2 cost $2,572.50); see also Pls.' Damages at 1.  The Court agrees with the plaintiffs, see Pls.' Mem. at 7, that they are entitled to recover the costs of these two audits because the Collection Procedures Agreement provides that "[i]f a delinquency is discovered as [a] result of an audit, the employer will be assessed the cost of the audit," see Pls.' App., Stupar Decl., Ex. 1 (Collection Procedures Agreement) ¶ III.  The District of Columbia Circuit has stated that if a plan "requires employers who are in default to pay [ ] auditing fees, ERISA empowers the Trustees to enforce that requirement."  Bd. of Trs. of Hotel & Rest. Emps. Local 25 v. JPR, Inc., 136 F.3d 794, 798 (D.C. Cir. 1998) (holding that the plan's terms did not provide for the employer to pay the cost of a routine audit).  Accordingly, the Court concludes that Hetrick Masonry owes the plaintiffs $13,773.81 for the costs of the two audits.

### 5. Attorney's Fees & Costs

The plaintiffs also request $18,280.20 in attorney's fees and $590.00 in costs pursuant to § 1132(g)(2)(D), see Pls.' Mem. at 6, and in support of these requests, filed declarations of their prior counsel, Charles V. Mehler III, who "was lead counsel in this matter until June 3, 2016," see Pls.' App., Declaration of Charles V. Mehler III in Support of Plaintiffs' Motion for Default Judgment ("Mehler Decl.") ¶ 1, and of their current counsel, R. Richard Hopp, see id., R. Richard Hopp's Declaration of Attorney's Fees and Legal Costs ("Hopp Decl.") ¶ 1.

The Mehler and Hopp declarations each include an attorney's fees chart that provides a summary of the tasks performed, the hours spent on each task, and who performed each task. See Pls.' App., Mehler Decl., Ex. 1 (Hetrick Masonry Motion for Default Judgment – Attorney Fees Chart ("Mehler Fees Chart")); id., Hopp Decl., Ex. 1 (O'Donoghue O'Donoghue LLP Detail of Fees ("Hopp Fees Chart"). Mehler's declaration states that his firm accrued $16,055.20 in legal fees based on a total of 24.2 hours of work performed by Mehler and 57.5 hours of work performed by his four paralegals, see id., Mehler Decl. ¶ 11, while Hopp's declaration states that he accrued $2,225.00 in legal fees based on a total of 8.9 hours of work, see id., Hopp Decl. ¶ 4. The rate of $250.00 per hour charged by Hopp, see id., Hopp Decl. ¶ 4, $350.00 per hour charged by Mehler, and the rates of $128.00 to $175.00 per hour charged by Mehler's paralegals, see id., Mehler Decl. ¶ 11, are all "substantially below the $796.00 [per] hour rate [for attorneys and below the $180.00 per hour rate for paralegals] established in the current Laffey matrix," id., Hopp Decl. ¶ 4 (citing Salazar v. District of Columbia, 123 F. Supp. 2d 8, 17 (D.D.C. 2000)); see also Laffey Matrix, http://www.laffeymatrix.com/see.html (last visited Oct. 2, 2017). The plaintiffs' request for $590.00 in costs consists of $400.00 for the filing fee and $190.00 for service of process. Pls.' Mem. at 7; Pls.' App., Stupar Decl. ¶¶ 13–14. Upon review of the

declarations and the attached fees charts, the Court finds that these materials constitute the type of "detailed . . . documentary evidence" on which the Court may rely, see Fanning, 257 F.R.D. at 7, and concludes that the plaintiffs "have justified the hours expended in this case," see Boland v. Smith & Rogers Constr. Ltd., 201 F. Supp. 3d 144, 149 (D.D.C. 2016) (relying on counsel's declaration that "outline[d] the preparation and work performed by" the law firm). And, given that counsel charged below-market rates and tried to maximize the work performed by lower-cost paralegals, the Court finds the amount of attorney's fees requested reasonable. See id. (concluding that the attorney's fees requested were justified in part because "the majority of hours billed were 'performed by a lower-cost paralegal rather than counsel in an effort to limit the legal fees incurred'" (citation omitted)). Accordingly, the Court will award the plaintiffs $18,280.20 in attorney's fees and $590.00 in costs.

## C.      Equitable Relief

In addition to damages, attorney's fees, and costs, § 1132(g)(2)(E) provides that courts may award plaintiffs equitable relief as appropriate. Here, the plaintiffs request that the Court order Hetrick Masonry to (1) turn over "all delinquent fringe benefit reports" and "all payroll records and other documents needed . . . to calculate delinquent contributions and related amounts due for the period [of] April 2015 through the present," Compl. at 7; and (2) "comply with its obligations to correctly report and to contribute to [the plaintiffs] . . . all reports and contributions due and owing," id. The Court construes these requests as seeking mandatory injunctive relief. See Yoccabel Constr. Co., 293 F.R.D. at 20 (noting that "the moving party 'is entitled to all reasonable inferences from the evidence offered'" (quoting Flynn, 237 F. Supp. 2d at 69)). "[Mandatory i]njunctive relief is appropriate [in an ERISA case] when the defendant has demonstrated no willingness to comply with either its contractual or statutory obligations or to

14

participate in the judicial process." Id. (internal quotation marks and citation omitted). Because "the plaintiffs' request[s] reiterate[] what is already [Hetrick Masonry's] contractual obligation[s]," and "because [Hetrick Masonry] has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process," see id., the Court grants the plaintiffs' request for mandatory injunctive relief and directs Hetrick Masonry to produce all benefit reports, payroll records, and other documents required for an audit, and to comply with its obligation to make timely contributions in accordance with the terms of the parties' Agreements, see id. at 21 (granting the plaintiffs' request for mandatory injunctive relief "by requiring the defendant to comply with its obligation to make timely contributions in compliance with the terms of the parties' collective bargaining agreement").

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant the plaintiffs' motion for entry of a default judgment in the amount of $192,654.70, specifically $117,910.48 in unpaid contributions; $18,518.11 in interest; $23,582.10 in liquidated damages; $13,773.81 for the costs of the two audits; and $18,870.20 in attorney's fees and costs. Additionally, the Court orders Hetrick Masonry to pay forthwith the total amount of the judgment awarded to the plaintiffs, to submit the reports required under the Agreements, and to make all future contributions in a timely manner consistent with the terms of the parties' Agreements.

**SO ORDERED** this 2nd day of October, 2017.[5]


REGGIE B. WALTON
United States District Judge

---

[5] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.